Sidney R. HERTZ, Appellant,

v.

STATE of Alaska, DEPARTMENT OF CORRECTIONS; Richard Franklin, Director, Division of Institutions; Larry Kincheloe, Superintendent, Spring Creek Correctional Center; and Michael Daly, Compliance Officer, Spring Creek Correctional Center, Appellees.

No. S–5431.

Supreme Court of Alaska.

Feb. 18, 1994.

Sidney R. Hertz, pro se.

Timothy W. Terrell, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellees.

Before MOORE, C.J., and RABINOWITZ, BURKE and COMPTON, JJ.

### ORDER

IT IS ORDERED:

1. Memorandum Opinion and Judgment No. 0698, issued on December 22, 1993, is WITHDRAWN.

2. Opinion No. 4056 is issued on this date in its place.

Entered by direction of the Court at Anchorage, Alaska, on February 18, 1994.

### OPINION

PER CURIAM.

■ Sydney Hertz, an inmate at the Spring Creek Correctional Center, appeals the judgment of the superior court dismissing his administrative appeal. Hertz alleged that the Department of Corrections and other appellees were in non-compliance with the Final Settlement Agreement (Agreement) in *Cleary v. Smith*, 3AN–81–5274 Civil. Because the facts are uncontroverted, we review de novo the superior court's interpretation of the Agreement. *Martech Constr. Co. v. Ogden Envtl. Servs.*, 852 P.2d 1146, 1149 (Alaska 1993).

We agree with the superior court's conclusion that Hertz did not comply with the procedures set forth in Section IX.B of the Agreement to challenge Department of Corrections action for noncompliance. Section

IX.B.1 of the Agreement states that the *Cleary* court shall retain jurisdiction for the purpose of enforcement of the Agreement. Section VII.E.10 of the Agreement allows a compliance challenge, after exhaustion of administrative remedies, to be brought as "a direct action before the court in this case." We interpret these provisions to require that an inmate bring an action for non-compliance in the *Cleary* case. Hertz did not comply with this requirement.

 Furthermore, Section IX.B.2 of the Agreement provides that an inmate must bring any action seeking enforcement by the court through counsel for the plaintiff class, unless the court grants leave to proceed *pro se*. Philip Volland, counsel for the plaintiff class, declined to represent Hertz in this case. Thus, to bring his compliance action, Hertz must obtain leave from the superior court to proceed *pro se*. Hertz failed to comply with the Agreement by not obtaining such leave. Based on Hertz's failure to comply with the procedural requirements of the Agreement, we affirm the dismissal of his administrative appeal.[1]

AFFIRMED.

RABINOWITZ, J., concurring in part, dissenting in part.

MATTHEWS, J., not participating.

RABINOWITZ, Justice, concurring in part, dissenting in part.

I agree with the majority's holding that Hertz failed to comply with the procedural requirements of the *Cleary* Agreement. Nevertheless, I cannot join in the majority's affirmance of the superior court's dismissal of Hertz's administrative appeal. Considerations of fairness and concern for conservation of judicial resources lead me to conclude that Hertz's pro se action seeking enforcement of the *Cleary* Agreement should have been transferred to the *Cleary* court for two purposes: (a) a determination whether leave should be granted to Hertz to proceed pro se; and (b) in the event such leave is granted, adjudication of the merits of Hertz's challenges to the Department of Corrections' actions for alleged non-compliance with the *Cleary* Agreement.

---

1. The Department of Corrections also argues that Hertz failed to exhaust his administrative remedies within the Department by failing to file a copy of his appeal, and the response of the Director of Institutions, with the Department's Grievance and Compliance Administrator. Hertz counters that Section VII.E.6 of the Agreement requires the Department, not the inmate, to file the copy of the appeal and response. We agree with Hertz's interpretation.

Section VII.E.6 of the Agreement states:

The regional director shall provide the inmate with a written response to the appeal within 15 working days of receipt with a copy to the institutional grievance coordinator. The response shall state the affirmance or reversal of any decision by the superintendent, and any corrective action to be taken, and contain findings and conclusions sufficient to permit further review. A copy of the inmate's appeal, and of the appeal response, *shall be filed* with the Department's Grievance and Compliance Administrator. An inmate who feels that a grievance has not been handled consistent with Department policy may seek review by the Grievance and Compliance Administrator after final disposition by the regional director.

(Emphasis added.) The parties agree that, after the 1991 reorganization within the Department of Corrections, all references to "regional director" in the Agreement should now be considered to read "director of institutions."

It is not clear from the disputed language who has the burden of filing the appeal and response. The two sentences prior to the disputed one discuss obligations of the director, including the specific obligation to file a copy of the response with the institutional (as opposed to department-wide) grievance coordinator. Not until the sentence following the disputed language does the Agreement discuss the inmate's right to appeal to the Grievance and Compliance Administrator. Thus the copies "shall be filed" with the Administrator regardless of whether the inmate seeks further review. This context leads us to conclude that the responsibility was on the director of institutions, and therefore Hertz did comply with all of the Agreement's procedures for administrative review within the Department of Corrections.